IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30667
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

TYLER JONES,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 00-CR-116-1
--------------------
March 5, 2002

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

        Tyler Jones appeals his conviction following a jury trial
for conspiracy to possess with the intent to distribute and
aiding and abetting the possession with the intent to distribute
1.5 kilograms of cocaine base, in violation of 18 U.S.C. § 2 and
21 U.S.C. §§ 841(a)(1) and 846.  He challenges the district
court's admission into evidence certain testimony by a
cooperating codefendant, Darvel Ledet, to the effect that, one
month prior to the events giving rise to the indictment, he had

---

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

purchased a small quantity of cocaine base from Ledet. Jones argues that the evidence was improper under FED. R. EVID. 404(b).

Jones' argument that the issue is reviewed for abuse of discretion is incorrect. Because he has not demonstrated that he timely objected to the evidence on the record, review is for plain error only. See FED. R. EVID. 103(a)(1) and (d); United States v. Calverley, 37 F.3d 160, 162 (5th Cir. 1994)(en banc); United States v. Martinez, 962 F.2d 1161, 1165-66 (5th Cir. 1992). Under the plain-error standard, this court may correct forfeited errors only when the appellant shows the following factors: (1) there is an error, (2) that is clear and obvious, and (3) that affects his substantial rights. United States v. Olano, 507 U.S. 725, 732-735 (1993). If these factors are established, the decision to correct the forfeited error is within the sound discretion of the court, and the court will not exercise that discretion unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. at 735-36.

Jones has not demonstrated any error, plain or otherwise, in the admission of the challenged testimony. Ledet's testimony concerning the prior drug transaction was properly admitted as intrinsic background information establishing the relationship between Ledet and Jones. See United States v. Miranda, 248 F.3d 434, 440-41 (5th Cir.), cert. denied, 122 S. Ct. 410 (2001) and __ S. Ct. ___, 2002 WL 13375 (Jan. 7, 2002) (No. 01-6430); United States v. Wilson, 578 F.2d 67, 72 (5th Cir. 1978).

Alternatively, even if extrinsic to the offense charged, the evidence was properly admitted to demonstrate Jones' intent, plan, and knowledge.  See FED. R. EVID. 404(b); United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978) (en banc); see also United States v. Garcia Abrego, 141 F.3d 142, 175 (5th Cir. 1998).  Although Jones urges that the evidence should have been excluded because of its prejudicial effect, we note that "all probative evidence is by its very nature prejudicial." United States v. Powers, 168 F.3d 741, 749 (5th Cir. 1999).  Jones has not demonstrated that the prejudicial effect substantially outweighed the relevance of the evidence, as is required for exclusion under FED. R. EVID. 403.  See Beechum, 582 F.2d at 911.

The district court's judgment is AFFIRMED.